Shackleford v. Todhunter.

SARAH J. SHACKLEFORD

V.

LEWIS TODHUNTER.

1.   HOMESTEAD—WHEN RIGHT ATTACHES.—The homestead right attaches in favor of the debtor at the time he receives a conveyance of the land, he being the head of a family and residing with the same upon the premises. The statute does not intend to confine the debtor to the homestead owned and occupied by him at the date of any judgment against him, for it in express terms provides that the homestead may be sold, and the proceeds invested in a new homestead, which is also exempt.

2.   RIGHT OF SUBSEQUENT GRANTEES.—A person purchasing property, deriving title in good faith through one who has a homestead right in such premises, succeeds to the rights of such grantor and may assert a claim for homestead against the creditors of the person having such homestead right.

3.   To WHAT PROPERTY THE EXEMPTION APPLIES.—The homestead exemption protects every estate in land which might be seized and sold on execution were it not occupied as a homestead.

4.   FRAUDULENT CONVEYANCE—WHAT MUST BE SHOWN.—To impeach a deed on the ground that it was made to defraud creditors, it must appear that the deed was fraudulent as to creditors, and that the party seeking to set it aside was a creditor of the grantor at the time it was executed.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed October 2, 1879.

Mr. J. O. CUNNINGHAM, for appellant; that appellant succeeded to all the rights of Harris, cited Green v. Marks, 25 Ill. 221; Blue v. Blue, 38 Ill. 9.

The lien of the judgment, where there is a homestead right in the premises, can only be enforced as to the excess over $1,000, and in the manner provided by statute: Stevens v. Hollingsworth, 74 Ill. 202; Loomis v. Gerson, 62 Ill. 11; Linton v. Quimby, 57 Ill. 271; Hubbard v. Canady, 58 Ill. 425.

Complainant is not prejudiced by the non-appearance in the record of a replication: Jameson v. Conway, 5 Gilm. 227; Webb v. Alton M. & F. Ins. Co. 5 Gilm. 223; Stark v. Hillibert, 19 Ill. 344; Marple v. Scott, 41 Ill. 50; Jones v. Neeley, 72 Ill. 449.

Messrs. SOMERS & WRIGHT, for appellee.

McCULLOCH, J. This was a bill in chancery brought by appellant against appellee to remove a cloud from the title to her land. The facts of the case appear to be that on the 18th day of April, 1877, William H. Harris was seized of the legal title to the premises in controversy, and on that day conveyed the same to his father, John R. Harris, who then was the head of a family residing with the same upon said land, and so continued until the 17th day of May next, thereafter, when he conveyed the same and delivered possession thereof to B. S. Shackleford. The consideration for this purchase was the sum of $1,400, which was to be paid in part by Shackleford's assuming the payment of a prior mortgage upon the same for $440. On the 20th day of June, 1877, said Shackleford conveyed the premises to appellant, who, in like manner, assumed the payment of said mortgage, as part of the price, and thereafter paid the same. Appellant claims that by virtue of these several conveyances, she succeeded to the estate of homestead of John R. Harris in said premises, free from the lien of any judgments existing against him while he held the legal title.

On the 13th day of January, 1876, appellee obtained a judgment against John R. Harris, in the county court, and on

the 15th day of December, 1877, caused said premises to be sold by virtue of an execution issued upon said judgment, at which sale he bid said property off and took a certificate of purchase therefor in his own name. The object of this bill is to be relieved against the cloud thus cast upon the title of appellant.

We are unable to see any good reason why the right of homestead exemption in this land did not attach thereto, in favor of John R. Harris, as soon as he received the conveyance thereof from his son William, he, the father, being then the head of a family, residing with the same upon these same premises.

The statute does not intend to confine the debtor to the homestead owned and occupied by him at the date of any judgment against him, for, in express terms, it permits him to sell it, and to invest the proceeds of such sale in another homestead, which is likewise exempt.

But appellee claims in his answer to the bill, that the property was worth about two thousand dollars; that John R. Harris bought the same of one Robinson, who made him a deed therefor on the 7th day of August, 1874; that said John R. Harris conveyed the same to his son William on the 29th day of January, A. D. 1875, without any consideration, and to defraud his creditors; and that because of these facts said premises never became the homestead of John R. Harris.

It appears from the parol testimony of the witnesses, that said John R. Harris did purchase said land from Robinson by trading him a farm therefor, and received a deed from him, and that said Harris conveyed said premises to his son William at the time alleged, but the deeds themselves are not in evidence, and so the legal title to said premises stood at the time appellee obtained his judgment, and up to the 18th day of April, 1877, when William re-conveyed the same to his father. If it be said that during all this time the estate in William was held in trust for his father, and being an equitable estate, was liable to be taken on execution against the father, the reply is, the proof shows that from February or March 1875, when John R. Harris first went into possession,

until he sold to B. S. Shackleford he was the head of a family, residing with the same upon this same land; and if he had any title which otherwise might have been sold on execution, the statute protected his homestead therein; for we apprehend it will not be disputed that the homestead exemption protects every estate in land which might be seized and sold on execution, were it not occupied as a homestead. It is further claimed that having conveyed the land by a voluntary conveyance, in fraud of his creditors, which conveyance being good as to him, but void as to his creditors, John R. Harris subjected the land to the lien of appellee's judgment. If such should be the effect of a transaction of that character, it is very evident the deed of conveyance must be executed with all the formalities as to husband and wife, necessary to convey away their homestead right, for the husband cannot do it alone.

That deed not being before us, we cannot determine from anything in this record, that it would, under any circumstances, have the effect contended for. But we deem this unimportant, for there is no sufficient proof in the record to show either that the deed was fraudulent as to creditors, or that appellee was a creditor when it was executed, both of which facts must have existed in order to make the deed fraudulent as to appellee.

We therefore find that appellee's judgment never became a lien upon the estate of homestead which John R. Harris had in this land, but that the same passed to B. S. Shackleford by the deed of May 17, 1877, and from him to appellant by the deed of June 20th, 1877. The sale under appellee's execution was therefore void as to the homestead right, and if, as claimed in the answer, the premises were worth more than the value of the estate so exempted, and the existing encumbrance thereon paid by appellant, an appropriate remedy may be found as to such excess, but to the extent of the value of the estate of homestead and of the prior incumbrance thereon discharged by appellant, she is entitled to the protection of the court by an appropriate decree. To this extent, there is equity in the bill, and it was error to dismiss it. The decree is reversed and the cause remanded.

Reversed and remanded.